Jaster Lee MARBLEY, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.

No. 87–1309.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1988.

Decided May 23, 1988.

Maxie G. Kizer, Pine Bluff, Ark., for appellant.

Olan W. Reeves, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before HEANEY, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Jaster Lee Marbley seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his conviction in an Arkansas state court for aggravated robbery. The district court denied relief after holding an evidentiary hearing on Marbley's petition. Marbley appeals to this court asserting that the district court erred in refusing his claim of ineffective assistance of counsel. We affirm the judgment of the district court.[1]

## I. BACKGROUND

Marbley and a co-defendant were charged with the robbery of a liquor store which occurred on December 15, 1986 at 3:59 p.m. in Pine Bluff, Arkansas. The Circuit Court of Jefferson County appointed Joe Holmes to represent both Marbley and his co-defendant. Holmes met twice with Marbley, once shortly after his appointment and again approximately one week before trial. At the evidentiary hearing on Marbley's petition, Holmes testified that he did not interview any witnesses on Marbley's behalf because Marbley told him he was not guilty. He further testified that he did not explore any alibis because Marbley did not advise him that he had an alibi. Marbley, however, testified that he told Holmes of persons who could verify his whereabouts at the time of the robbery.

In any event, Marbley proceeded to trial where overwhelming evidence of his guilt was presented. The robbery resulting in Marbley's conviction took place at the Flamingo Liquor Store in Pine Bluff, Ar-

---

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern Dis- trict of Arkansas.

kansas. Virgil Lee Noble,[2] the store clerk on duty at the time of the robbery proffered eyewitness testimony that Marbley entered the store, pointed a sawed-off shotgun at her and ordered her to give him the money in her cash register. Noble testified that she knew Marbley because he came into the liquor store almost every day. She also testified that Marbley and his co-defendant had been in the store together to buy liquor earlier that day. Noble testified that after she gave Marbley the money, he took off running toward the Mad Butcher, a grocery store about one block south of the liquor store, and then turned toward Lake Pine Bluff. Noble identified Marbley at a show-up at approximately 6:00 p.m. on the day of the crime. She also described the robber's clothing to police immediately after the robbery and identified Marbley's clothing when it was introduced into evidence at trial as the same clothing Marbley was wearing when he robbed the store. She identified Marbley in court at trial.

Other witnesses corroborated Noble's testimony. Doreta Peterson testified that she knew Marbley and that she saw him on a bridge on Lake Pine Bluff coming from the direction of the Mad Butcher on December 15, 1986 between 4:00 and 4:15 p.m. with a handful of money. Peterson testified that Marbley offered her $3.00 for a cigarette. Elijah Pace testified that he was on Lake Pine Bluff fishing between 3:00 and 4:15 p.m. when Marbley came on the bridge from the direction of the Mad Butcher. He confirmed Peterson's testimony that Marbley was carrying a handful of money and stated that Marbley paid him $3.00 to take him to the Ben Mar Apartments, where Marbley lived. Shortly after the robbery, Marbley was found by the police in Apartment 10A at the Ben Mar Apartments, lying on the sofa with his eyes closed and with money in his hands.

The only witnesses called on behalf of the defense were Marbley and his co-defendant. Marbley was convicted of aggra-

vated robbery following a jury trial and sentenced to life imprisonment.

In his petition for writ of habeas corpus, Marbley contends that his conviction must be overturned due to the ineffective assistance of his trial counsel, Joe Holmes.[3] After holding an evidentiary hearing on the petition, United States Magistrate John F. Forster, Jr. recommended that it be denied because, although Holmes' representation of Marbley was deficient, Marbley failed to demonstrate that he was prejudiced by Holmes' inadequate representation. Chief United States District Judge Eisele agreed and denied the petition. Marbley appeals.

## II. DISCUSSION

In *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-prong test for determining whether trial counsel's performance of his duties is so defective as to warrant reversal of a conviction. Marbley must show, first, that Holmes' representation fell below an objective standard of reasonableness and, second, that his defense was prejudiced by Holmes' deficient performance.

■ We agree with the district court that Holmes' representation of Marbley fell below an objective standard of reasonableness. He made no attempt to determine if Marbley, who insisted he was innocent, had any alibi or witnesses who could support his claim of innocence. The record indicates that Marbley hand-wrote a statement for the police following his arrest in which he stated that he was playing dominoes with a friend on the day the robbery occurred. At the very least, Holmes should have attempted to locate this friend to corroborate Marbley's claim.

■ Nevertheless, even though Holmes' representation of Marbley was defective, Marbley has failed to demonstrate that he was prejudiced thereby. Marbley provided at least three different alibis for his where-

---

2. Although the Magistrate referred to this witness as Virginia Noble, the trial transcript identifies her as Virgil Lee Noble.

3. Marbley's petition for writ of habeas corpus alleges several bases for relief. Only his allegations of ineffective assistance of counsel are before us on appeal.

abouts at the time of the robbery. In his written statement to police, he states he was playing dominoes with a friend. At trial, he testified that he was at home at the time of the robbery and that police arrested him at 3:45 p.m., approximately fifteen minutes before the robbery occurred. At the evidentiary hearing, he testified that he was playing dominoes with someone named Lula and other friends when the robbery occurred. None of these alibis hold up in light of the testimony of Lula Allen and of Marbley's niece, Cynthia Marbley, that Marbley appeared at Lula Allen's apartment sometime after 4:00 p.m. on the date of the robbery flashing money.

## III. CONCLUSION

Given the weakness of Marbley's alibis, together with the overwhelming evidence of guilt presented at trial, including an eyewitness identification, Marbley has failed to demonstrate that he was prejudiced by Holmes' failure to inquire into Marbley's alibi. We, therefore, affirm the district court's denial of Marbley's petition for writ of habeas corpus.